UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEAONE MARIA KALPHAT,

                    Petitioner,

        - against -

105TH PRECINCT, EMERGENCY SQUAD
UNIT,

                    Respondent.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV-06-3728 (BMC)

**COGAN**, District Judge.

Plaintiff Deone Kalphat brings this pro se action alleging that her Fourth Amendment rights were violated. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and for the reasons discussed below, directs plaintiff to file an amended complaint within thirty (30) days of the entry of this Order.

## BACKGROUND

Plaintiff Deone Kalphat alleges that unidentified members of the New York City Police Department violated her Fourth Amendment rights when

> these individuals stormed my home bursting through doors, rampaging and terrorizing all my family members which consisted of my 4 little daughters. The[y] knocked down televisions and various electronical [sic] equipment that was throughout my entire house dwellings. . . . The individuals had no remorse for the damage and turmoil that was bestowed upon my entire family. These individuals should be held accountable for their wrongdoings. There was no probable cause to do what they did. The[y] assumed that an individual whom they were looking for entered my home in which was untrue. An entire search of my premises found no evidence of wrongdoing or anyone whom they were looking for. The only wrongdoings were displayed by The Emergency Squad Unit.

Compl. at 1-2. Plaintiff seeks $2,000,000 in damages for "the turmoil we had to endure." Compl. at 2.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, her submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In addition, as plaintiff is proceeding *pro se*, this Court is obliged to construe her pleadings liberally. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Thus, this Court must interpret plaintiff's pleadings as raising the strongest arguments they suggest. Id.

## DISCUSSION

The Court construes the instant action as arising under 42 U.S.C. § 1983. To state a cognizable claim under § 1983, a plaintiff must allege that she was deprived of her rights secured under the Constitution and laws of the United States by a defendant acting under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Dwares v. City of New York, 985 F.2d 94, 97 (2d Cir. 1993). It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted).

Here, plaintiff only names the 105th Precinct Emergency Squad as a defendant. She does not name the individual defendants who allegedly violated her constitutional rights nor allege how each defendant was personally involved in the denial of her constitutional rights. Plaintiff cannot pursue a § 1983 claim against the 105th Precinct Emergency Squad Unit. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Thus, police precincts, as agencies of the City of New York, lack independent legal existence and cannot be sued under § 1983. See Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them); Signorile v. City of New York, 887 F. Supp. 403, 421-22 (E.D.N.Y. 1995) (the New York City Police Department is not a proper party under § 1983). Furthermore, plaintiff fails to identify the date and location of the events giving rise to her civil rights claim.

## CONCLUSION

If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Therefore, plaintiff is given thirty (30) days leave from the entry of this Order to file an amended complaint. Plaintiff must specify the date and location of the events giving rise to her civil rights claim. Plaintiff must also identify, as best she can, the individual defendant(s) who were personally involved in the events that she claims violated her rights. Wright, 21 F.3d at 501. If plaintiff does not know the true identity of an individual defendant, she must provide as much

detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be identified. Plaintiff shall refer to any unidentified defendant as John or Jane Doe. Plaintiff shall also name the defendants in the caption of her amended complaint. Finally, plaintiff should provide a detailed description of the personal property that was allegedly destroyed by the defendants and whether she has pursued any legal remedies based on the same events in state court.

Plaintiff is advised that any amended complaint she files will completely replace the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**The Clerk of the Court is directed to mail a copy of this Order to pro se plaintiff.**

**SO ORDERED.**

Dated: Brooklyn, New York
      August 21, 2006

/s/(BMC)
U.S.D.J.