UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEONE MARIA KALPHAT,

          Plaintiff,

-v-

105TH PRECINCT, EMERGENCY SQUAD UNIT,

          Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-3728 (BMC)

COGAN, United States District Judge.

On July 21, 2006, plaintiff Deone Kalphat filed this *pro se* action alleging that her Fourth Amendment rights were violated when police officers from the New York Police Department's 105th Precinct forcibly entered and searched her home without a warrant. By Order dated August 21, 2006, the Court granted plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's claims against the 105th Precinct because it lacks independent legal existence and cannot be sued under 42 U.S.C. § 1983. The Court directed plaintiff to file an amended complaint to provide, *inter alia*, the date of the incident and to name the proper defendants within thirty (30) days of the entry of the Order. Plaintiff failed to respond to the Court's August 21, 2006 Order.

In an abundance of caution, by Order dated November 14, 2006, the Court granted plaintiff an additional thirty (30) days from the entry of the Order to file an amended complaint. Plaintiff was once again directed to specify the date and location of the events giving rise to her civil rights claim and to identify, as best she can, the individual defendant(s) who were personally involved in the events that she claims violated her rights. Plaintiff was advised that if

1

she did not know the true identity of an individual defendant, she should provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be identified. Plaintiff was directed to refer to any unidentified defendant as John or Jane Doe and also name the defendants in the caption of her amended complaint. In addition, plaintiff was again directed to also provide a detailed description of the personal property that was allegedly destroyed by the defendants and whether she has pursued any legal remedies based on the same events in state court.

Plaintiff now responds to the Court's November 14, 2006 Order by letter dated November 16, 2006. Plaintiff states that the alleged illegal search occurred at her home located at 423 Beach 28th Street, Far Rockaway, New York 11691 on June 29, 2004 at approximately 6:00 p.m. See Plaintiff's November 16, 2006 Letter at 1. Plaintiff alleges extensive damage to her home and property as a result of the alleged incident and states that the officers involved in the incident were employed at the New York Police Department's 101st Police Precinct, not the 105th Police Precinct.[1]

Although plaintiff's November 16, 2006 letter does not identify the individual defendant(s) who were personally involved in the events that occurred on June 29, 2004, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the Corporation Counsel of the City of New York ascertain the full names of the police officers who entered plaintiff's home on June 29, 2004. The Corporation Counsel is also requested to

---

[1] Plaintiff also attaches letters from her 8 year old daughter Shaneil and her 10 year old daughter Leslie, detailing their experiences with the alleged incident.

2

provide the addresses where the defendants can currently be served. The Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in <u>Valentin</u>. The Corporation Counsel is further requested to produce the information specified regarding the identity of these defendants within thirty (30) days from the entry of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on all the defendants.

The Clerk of Court shall send a copy of this Order, the Court's Orders dated August 21, 2006 and November 14, 2006, the complaint and plaintiff's letter dated November 16, 2006 to the Corporation Counsel of the City of New York and to plaintiff. No summonses shall issue at this time. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.

SO ORDERED.

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
       Dec 21, 2006